UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONNIE CORKERN | CIVIL ACTION |
| VERSUS | NO. 18-5566 |
| STRANCO FIELD SERVICES, LLC | SECTION "B" (2) |

## ORDER AND REASONS ON MOTION

This is an employment discrimination action brought by plaintiff Connie Corkern against her former employer, Stranco Field Services, LLC ("Stranco"). Corkern asserts claims of sex discrimination, hostile work environment, sexual harassment, and constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ("Title VII"), in addition to violations of the Equal Pay Act, 29 U.S.C. § 206(d) ("the Equal Pay Act"). She seeks compensatory and punitive damages. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 8.

Stranco filed a Rule 12(b)(6) motion to dismiss only plaintiff's sexual harassment and Equal Pay Act claims. Record Doc. No. 4. Corkern filed a timely opposition memorandum. Record Doc. No. 6. Having considered the complaint, the record, the arguments of counsel and applicable law, and for the following reasons, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART at this time as follows.

ANALYSIS

A.      Standard of Review

Stranco moves to dismiss two of plaintiff's claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Stranco argues that Corkern's sexual harassment claims should be dismissed for failure to exhaust administrative remedies—specifically, filing a lawsuit that exceeds the scope of her initial administrative charge of discrimination. Record Doc. Nos. 4 & 4-2. Stranco also argues that Corkern's Equal Pay Act claim should be dismissed for failure to state factual allegations necessary to state a prima facie Equal Pay Act claim. Id.

> Under Rule 12(b)(6), as clarified by the Supreme Court,
>
> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light

most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 129 S. Ct. at 1959; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

B.  Equal Pay Act Claim

To establish a prima facie case under the Equal Pay Act, plaintiff must show that (1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison. Chance v. Rice University, 984 F.2d 151, 153 (5th Cir. 1993).

As to pay discrimination under the Equal Pay Act, Corkern states two claims in her complaint. First, she alleges that Stranco changed her compensation from a $75,000

annual salary to a $24 hourly rate—a reduction in her salary of $25,000 per year—while simultaneously increasing pay for male employees performing job functions requiring equivalent skill, effort, and responsibility as those performed by Corkern. Record Doc. No. 1 at p. 4, ¶¶ 30–31. Second, Corkern alleges that male employees received car and meal reimbursement for expenses incurred while driving the 600-mile round trip to Stranco's Texas office, while Corkern failed to receive such reimbursement for making the same 600-mile journey in her personal vehicle on a regular basis. Record Doc. No. 1 at p. 4, ¶¶ 32–33.

In its motion for partial dismissal, Stranco does not contest that it is an employer subject to the Equal Pay Act or that Corkern was paid less than male employees in the company. The only Equal Pay Act element of proof at issue is whether Corkern sufficiently pled in her complaint that she performed work in a position requiring skill, effort, and responsibility equal to and under similar working conditions as the men Stranco paid more. See Chance, 984 F.2d at 153.

The Rule 12 standards require that a plaintiff plead specific facts entitling her to state a claim; a pleading that offers conclusory allegations or "formulaic recitation of a cause of action's elements" is insufficient. See Twombly, 550 U.S. at 545. The Equal Pay Act "necessarily requires a plaintiff to compare her skill, effort, responsibility, and salary with the person who is or was similarly situated." Weaver v. Basic Energy Services., L.P., No. MO-13-CV-022, 2014 WL 12513180, at *6 (W.D. Tex. Jan. 8,

2014), aff'd, 578 F. App'x 449 (5th Cir. 2014) (quoting Jones v. Flagship International, 793 F.2d 714, 723 (5th Cir. 1986)). In pleading her prima facie case, "the employee need not prove that the duties performed are identical, but merely that the skill, effort and responsibility required in the performance of the jobs is (sic) substantially equal." Blackburn v. Cypress Equities I, LP, No. 3:12-CV-5030-D, 2014 WL 4771765, at *5 (N.D. Tex. Sept. 25, 2014) (quoting Pearce v. Wichita City., City of Wichita Falls, Texas, Hospital Board, 590 F.2d 128, 133 (5th Cir. 1979)) (internal citations omitted).

As to Corkern's reduced salary claim, her complaint fails to plead specific facts to show how she, in her position as Human Resources Director, was paid less than male co-workers performing a substantially equal job. Rather, her complaint relies on a conclusory and unsupported statement that "males whose salary was increased performed job functions requiring equivalent skill, effort, and responsibility as Ms. Corkern." Record Doc. No. 1 at p. 4, ¶ 31. Corkern's statement merely restates an element of the prima facie Equal Pay Act case and fails to set forth any facts to show that male co-workers receiving salary increases perform a substantially equal job to Corkern. Contrary to plaintiff's statement in her opposition to the motion for partial dismissal, plaintiff's complaint fails to specify the precise job functions she performed that were equivalent to those performed by her male counterparts, and neglects to articulate how she was paid less for the same work. See Record Doc. 6 at p. 4. Thus, Corkern has insufficiently pled her prima facie Equal Pay Act case as to her salary claim.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) on pleading deficiency grounds without giving the plaintiff "at least one chance to amend." Hernandez v. Ikon Office Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, Stranco's motion is DENIED IN PART at this time as to plaintiff's reduced salary claim under the Equal Pay Act. However, IT IS ORDERED that plaintiff must file a motion for leave to amend her complaint, no later than **October 10, 2018**, to specify how male Stranco employees receiving higher salaries performed job functions requiring equivalent skill, effort, and responsibility as plaintiff in her position as Human Resources Director. If plaintiff fails to do so, this claim will be dismissed by the court without further briefing.

As to the car and meal reimbursement claim, Corkern's complaint makes clear that there were similarly situated male employees who received reimbursement for identical work performed by Corkern—specifically, driving the 600-mile round trip to Stranco's Texas office on a regular basis. Record Doc. No. 1 at p. 4, ¶¶ 32–33. Her complaint illustrates that in the course of their employment with Stranco, both Corkern and her male co-workers drove the same distance to the same Stranco office and subjected their personal vehicles to the same wear and tear on the trip. Id. Corkern has sufficiently pled a prima facie Equal Pay Act case as to her car and meal reimbursement claim. Accordingly, Stranco's motion is DENIED as to plaintiff's car and meal reimbursement

claim under the Equal Pay Act.

C.      Title VII Sexual Harassment Claim

Stranco argues that Corkern's sexual harassment claims under Title VII are barred because she did not assert these claims in the charge that she filed with the Equal Employment Opportunity Commission (the "EEOC") and because sexual harassment is outside the scope of the EEOC investigation that reasonably could be expected to grow from Corkern's initial EEOC charge. See Record Doc. No. 4-2.

A plaintiff asserting a claim under Title VII must exhaust administrative remedies before pursuing her claims in district court. 42 U.S.C. § 2000e, et seq. In a Title VII case, exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue the employer named in the charge. 42 U.S.C. § 2000e-5(f)(1); Dau v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996).[1]  The requirement of administrative exhaustion confines a Title VII lawsuit to the specific claims made in the employee's initial EEOC charge or any type of discrimination "like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." Fine v. GAF Chemical Corp., 995 F.2d 576, 578 (5th Cir. 1993); see also Thomas v. Tex.

---

[1] Plaintiff stated in her "petition" that as of June 1, 2018, "the EEOC has not yet issued a Right to Sue" letter. Record Doc. No. 1 at p. 3, ¶ 25. The court will not address this apparent failure to exhaust, due to the possibility that the EEOC has acted on plaintiff's claims in the past three months and because the current motion papers do not address this deficiency.

Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000). The Fifth Circuit and the Eastern District of Louisiana have held that a claim is not reasonably expected to grow out of a plaintiff's EEOC charge if the claim is not alleged in the charge itself. Ellzey v. Catholic Charities Archdiocese of New Orleans, 833 F. Supp. 2d 595, 601 (E.D. La. 2011); Huda v. Lockheed Martin, No. CIV. A. 07-9090, 2008 WL 191300, at *3 (E.D. La. Jan. 22, 2008); Kebiro v. Walmart, 193 Fed.Appx. 365, 367 (5th Cir. 2006); Gomez v. Orleans Parish School Board, No. CIV.A.04-1521, 2005 WL 2050285, at *5 (E.D. La. Aug. 11, 2005); Thomas, 220 F.3d at 395.

Thus, in determining the limitations on a plaintiff's Title VII lawsuit, the first step requires examining the allegations within the EEOC charge. Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006). A court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Id. (emphasis added). Then, to determine the reasonable scope of an EEOC investigation, the Fifth Circuit interprets the contents of a plaintiff's EEOC charge based on the balancing of two competing Title VII policies. On the one hand, because "the provisions of Title VII were not designed for the sophisticated," and because most EEOC charges are initiated without the assistance of legal counsel, the scope of an EEOC charge should be construed liberally in favor of the plaintiff. Id. at 788 (quoting Sanchez, 431 F.2d at 463). On the other hand, a primary purpose of Title VII is to trigger the investigatory procedures of the EEOC, in an effort

to achieve non-judicial resolution of employment discrimination claims. Pacheco, 448 F.3d at 789. This consideration calls for stricter interpretation of a plaintiff's EEOC charge, because "[a] less exacting rule would . . . circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." Id. at 788–89.

Corkern timely filed a charge with the EEOC, alleging sex discrimination under Title VII and and the Equal Pay Act. Record Doc. No. 6-1. The factual statement in Corkern's EEOC charge describes, in pertinent part, that Stranco's owner [later identified in her complaint as Quinn Strander ("Strander")] "stated on several occasions that he wished he had never hired women." Id. No further details were provided in the EEOC charge as to Strander's comments, nor does the EEOC charge refer to any allegations of sexual harassment whatsoever in relation to his statements.

Corkern's "petition" asserts two claims of sexual harassment/hostile work environment under Title VII. First, Corkern argues that Strander's alleged negative statements about female employees created an abusive work environment for Corkern. Record Doc. No. 1 at p. 6, ¶ 49. Second, Corkern made a single allegation of sexual harassment involving the placement of a phallic object on her desk by co-worker Matthieu Boudreaux ("Boudreaux"), who allegedly asked Corkern how the phallic object compared to her boyfriend. Record Doc. No. 1 at p. 6, ¶¶ 46-48. However, the allegation

regarding Boudreaux's conduct was not included in her EEOC charge. See Record Doc. No. 6.

For a sexual harassment claim to be actionable, it must be "sufficiently severe or pervasive" to alter the conditions of the victim's employment and create an abusive working environment. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986); see also Clark County School District v. Breeden, 532 U.S. 268, 270 (2001). To establish a hostile work environment claim, a plaintiff must show that the complained-of conduct was "severe or pervasive enough to create an objectively hostile or abusive work environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). This objective determination is made by looking at the totality of the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Green v. Administrators of Tulane Educational Fund, 284 F.3d 642, 655–56 (5th Cir. 2002). Neither of Corkern's sexual harassment/hostile work environment claims are within the reasonable scope of the EEOC investigation arising from her initial EEOC charge. Although Strander's alleged statements may bolster Corkern's sex discrimination and Equal Pay Act claims, her EEOC charge alleges no facts that reasonably would trigger a sexual harassment investigation. According to Corkern's EEOC charge, Strander's comments were made "on several occasions," suggesting frequency; however, nothing in her factual statement suggests that the

comments were severe, pervasive, physically threatening, or interfered with Corkern's work performance.

Corkern argues that her sexual harassment claims regarding Boudreaux's conduct are within the scope of her EEOC charge because Boudreux's alleged conduct is a byproduct of Strander's alleged view that female employees are not welcome at Stranco. However, the allegations against Boudreaux in Corkern's complaint are completely absent from Corkern's EEOC charge. Even under the most liberal reading of her EEOC charge, the alleged discriminatory comments and personal views of Strander have no discernable relationship to the conduct of Boudreaux, conduct Corkern did not mention in her EEOC charge at all. Thus, allegations of discriminatory comments against Strander in Corkern's EEOC charge could not reasonably be expected to trigger an EEOC sexual harassment investigation into Boudreaux's conduct. Additionally, Corkern's failure to mention Boudreaux and his alleged conduct in her EEOC charge frustrates the primary purpose of requiring administrative exhaustion before pursuing civil litigation: triggering the investigatory procedures of the EEOC, in an effort to achieve non-judicial resolution of employment discrimination claims. Pacheco, 448 F.3d at 789.

Because plaintiff's sexual harassment claims exceed the reasonable scope of the investigation resulting from her initial EEOC charge, Stranco's motion is GRANTED IN PART as to plaintiff's sexual harassment claims.

## CONCLUSION

For all the foregoing reasons, IT IS ORDERED that defendant's partial motion to dismiss is GRANTED IN PART and that plaintiff's sexual harassment claims under Title VII are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6). Defendant's motion is DENIED IN PART as to plaintiff's car and meal reimbursement claim under the Equal Pay Act. Defendant's motion is DENIED IN PART at this time as to plaintiff's reduced salary claim under the Equal Pay Act. Corkern must file a motion for leave to file an amended complaint, no later than **October 10, 2018**, to specify how male Stranco employees receiving higher salaries performed job functions requiring equivalent skill, effort, and responsibility as Corkern in her position as Human Resources Director. If plaintiff fails to do so, this claim will be dismissed by the court without further briefing.

Plaintiff's claims remaining for trial at this time are her sex discrimination and constructive discharge claims under Title VII), her car and meal reimbursement claim under the Equal Pay Act, and her salary claim under the Equal Pay Act, subject to the requirement that she file a motion for leave to file an amended complaint concerning that claim, as provided above.

New Orleans, Louisiana, this __26th__ day of September, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE